IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **TARKILYA WEBB, individually and on behalf of her minor daughter** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:18CV397-LG-RHW** |
| **WALMART INC., d/b/a WALMART SUPERMARKET STORE #1066 and BOB BENNETT** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

BEFORE THE COURT is the [6] Motion to Remand filed by Plaintiff Tarkilya Webb. Plaintiff Webb filed this slip and fall lawsuit in the Circuit Court of Jackson County, Mississippi. Wal-Mart Stores East, L.P.[1] and Bob Bennett removed the case to this Court on the basis of diversity jurisdiction, contending that Bob Bennett had been fraudulently joined as a defendant because he was not the manager of the store in question, and Webb's demand for punitive damages brings the amount in controversy above the jurisdictional minimum. After due consideration of the parties' submissions and the relevant law, the Court concludes that Wal-Mart has not shown that the amount in controversy is at least $75,000. As a result, the Court lacks subject-matter jurisdiction, and the Motion to Remand must be granted.

---

[1] Wal-Mart Stores East, L.P. states that it was incorrectly identified by Plaintiff as "Walmart Inc d/b/a Walmart Supermarket Store # 1066."

DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The burden is on the party who removed the case to federal court to demonstrate that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Plaintiff Webb seeks "actual compensatory and punitive damages suffered" by her minor daughter when she slipped and fell on a liquid substance on the floor near the Wal-Mart checkout area. The daughter is alleged to have suffered trauma to her knee, back, ankle and body as a whole. (Compl. 4, ECF No. 3-1.) The Complaint is short and provides no further information about the incident or the daughter's injuries. In support of remand, Webb states that her damages are significantly less than $75,000; she does not seek punitive damages, and all of the defendants are domiciled in Mississippi. (Mot. Remand 5, ECF No. 6.)

*The Amount in Controversy*

The basic rules for determining the amount in controversy are well established. In cases where an exact amount has been pled, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). *See also Nat. Union Fire Ins. Co. of Pittsburgh v. Russell,* 972 F.2d 628, 630 (5th Cir. 1992) (amount in controversy is

determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith). However, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). Wal-Mart contends that the plaintiffs' demand for unspecified punitive damages meets the jurisdictional minimum as a matter of law, citing *Sun Life Assurance Company v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007), and other cases standing for the same proposition.

Webb did not quantify any of the damages she seeks in her Complaint, but her counsel has provided an affidavit in which he states that the case "does not meet or exceed the sum of $75,000 in neither [sic] injuries or damages." (Pl. Mot. Remand Ex. A, ECF No. 6-1.) While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted); *see also 'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (considering plaintiffs' attorney's affidavit stating that damages were less than $50,000 per plaintiff), abrogated on other grounds by *Marathon Oil*

*Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

Consideration of Plaintiff's counsel's affidavit is proper because the basis for jurisdiction is ambiguous in this case. However, counsel's affidavit does nothing more than state that the case should be remanded because it "does not meet or exceed" the minimum jurisdictional amount. (Mot. Remand Ex. A, ECF No. 6-1.) This is insufficient to limit the amount in controversy. "When a plaintiff fails to admit or stipulate that he will not *accept* more than $75,000.00 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000.00." *Walker v. Scales*, No. 1:13-CV-00227-SA-DAS, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014) (citations omitted) (emphasis in original).

Nevertheless, there are no facts alleged indicating that the damages in this case are significant, such as a hospital visit or medical care of any kind. Nor does Wal-Mart provide information that would help establish the magnitude of the damages. Under these circumstances, the Court cannot conclude that it is likely that the amount in controversy is more than $75,000.

As this Court and others have noted, due process limits the ratio of punitive damages to compensatory damages to the single digits. *S&S Pharmacy v. Xerox Audit & Compliance Sols.*, No. 1:16cv269-LG-RHW, 2016 WL 4536882, at *2 (S. D. Miss. Aug. 30, 2016) (citing *Bridges v. Freese*, 122 F. Supp. 3d 538, 551 (S.D. Miss. 2015); *Pacific Mut. Life Ins. v. Haslip,* 499 U.S. 1, 23-24 (1991) (stating that a

punitive damages award of more than four times the amount of compensatory damages "might be close to the line of constitutional impropriety")). The facts alleged in this case warrant a "more rigorous mode of analysis" than applying a blanket rule that merely invoking punitive damages will satisfy the amount in controversy requirement. *See Evans v. Red Shield Admin., Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *2 (S.D. Miss. Aug. 17, 2018). The "small-dollar" compensatory damage claim apparently at issue is unlikely to support a punitive damages award that would bring the total above $75,000. *See Bridges*, 122 F. Supp. 3d at 549.

Any doubt as to the propriety of removal should be resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Because it is doubtful that the amount in controversy even approaches $75,000, the Court concludes that it does not have subject matter jurisdiction of this case. Plaintiff's remand motion should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [6] Motion to Remand filed by Plaintiff Tarkilya Webb is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this Order of Remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447©.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE